

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2009

# White v. Phila Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2916

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"White v. Phila Sch Dist" (2009). *2009 Decisions*. Paper 1393.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1393

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2916
_____

TYRONE WHITE,

                                                            Appellant

v.

SCHOOL DISTRICT OF PHILADELPHIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 05-cv-00092)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 11, 2009
Before: MCKEE, HARDIMAN and ROTH,  Circuit Judges

(Opinion filed : May 07, 2009)
_____

OPINION
_____

PER CURIAM

        Tyrone White appeals from the order of the United States District Court for the

Eastern District of Pennsylvania granting the defendant's motion for summary judgment

in his civil action.  We will affirm.

        Because the parties are familiar with the history and facts of the case, and because

the District Court's memorandum contains a detailed account, we will recount the background in summary fashion. White initiated a civil action naming the School District of Philadelphia as the defendant.[1] The lawsuit stems from the School District's refusal to reinstate White to his job following his absence from work for work-related injuries. The School District hired White in 1997 as a general cleaner. His last active day of work was on July 20, 2000, when he developed a work-related skin rash. White filed a workers' compensation claim the next day and was represented by counsel for his claim. Several months later, he was diagnosed with depression, which allegedly developed as a result from White's anxiety regarding the change in skin pigmentation from his contact dermatitis. He was declared unfit for work. Eventually, in 2004, the parties resolved the workers' compensation claim, stipulating that his only compensable work-related injury was the contact dermatitis, and that he was disabled from working from July 20, 2000 until March 12, 2001.

Meanwhile, in January 2001, the School District notified White that his family medical leave period had expired and warned him that he would lose his job if he did not return to work. On March 12, 2001, White appeared at the School District's offices with two doctors' notes, each declaring that he was fully recovered and able to return to work

---

[1] White initially proceeded pro se and named other defendants, but in later amended complaints filed himself and on his behalf by appointed counsel, the lone defendant named in the action was the School District. Appointed counsel was later granted leave to withdraw representation, and White again proceeded pro se. White proceeds pro se on appeal.

without restriction. He arrived without an appointment and believed that he could recommence his job duties that same afternoon, but School District personnel advised him that he first would need to submit to testing for tuberculosis and drugs. He was told that he no longer had a job with the School District.

On May 14, 2001, White filed a formal charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), alleging that he had been subjected to discrimination based on his race and his "disability or perceived disability." On September 12, 2001, the EEOC issued a notice that it was dismissing his EEOC charge and informed him that he had a right to file a lawsuit within ninety days from his receipt of the letter. Thereafter, the PHRC also closed its investigation and issued a notice of his right to sue.

In connection with White's then-pending workers' compensation claim, White was examined by two physicians in February and March 2003, relating to his skin rash and its resolution, as well as his psychological concerns. In a report dated March 19, 2003, and received by the School District's workers' compensation carrier on March 25, 2003, Dr. Wolfram Rieger concluded that White did not suffer from depression or any psychiatric condition and was fully fit for work, without restriction. Dr. Rieger also stated that he did not believe that White sustained any psychological injury as a result of his contact dermatitis.

On March 24, 2004, White filed a second charge with the EEOC and the PHRC.

3

He alleged that the School District's failure to return him to work was due to discrimination based on a "perceived" disability and was in retaliation for his prior EEOC filing in 2001. On December 3, 2004, the EEOC issued to White notice of its dismissal of the charge and advised him of the ninety-day deadline for filing suit on his claims. The PHRC closed its companion state file on May 2, 2005.

White initiated his lawsuit in District Court on January 10, 2005. White asserted claims under sections 504 and 505 of the Rehabilitation Act (29 U.S.C. § 793 et seq.), the Pennsylvania Human Relations Act ("PHRA") (43 P.S. § 955(a)), and federal civil rights statutes (42 U.S.C. §§ 1981 and 1983). He requested injunctive and damages relief. The matter proceeded to discovery. The School District filed a motion for summary judgment, and White filed a response. The District Court granted the motion. The District Court concluded that all of White's claims under the Rehabilitation Act, the PHRA, and sections 1981 and 1983, stemming from the School District's failure to reinstate him on March 12, 2001, were barred by the applicable two-year statute of limitations. Concerning the claims under the Rehabilitation Act and the PHRA stemming from the School District's failure to reinstate him in March 2003, the District Court concluded that they were barred due to White's failure to timely exhaust his federal and state administrative remedies, within 300 days and 180 days, respectively. Regarding the retaliation claim under sections 1981 and 1983, as well as the claim of discrimination in violation of the Equal Protection Clause, the District Court found that White made

4

insufficient showings to defeat summary judgment. White appeals.

We have jurisdiction over the appeal under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant summary judgment. McGreevey v. Stoup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

Upon review of the record, for substantially the same reasons given in the District Court's memorandum opinion, we conclude that the District Court correctly granted the School District's motion for summary judgment. White does not contest the District Court's conclusions regarding the barring of claims under the statute of limitations, and we deem these issues waived, as they are not raised in the opening brief. See F.D.I.C. v.

5

Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000).[2] White does argue that, for exhaustion purposes concerning his retaliation claims under the Rehabilitation Act and the PHRA, he attempted to file his March 24, 2004 EEOC charge on March 4, 2004. Ordinarily, we would decline to address this new argument, as he did not present this argument before the District Court. See Ziccardi v. City of Philadelphia, 288 F.3d 57, 65 (3d Cir. 2002). We note, however, that this new argument appears to provide no basis to disturb the District Court's judgment, as a March 4, 2004 filing date still would be beyond 300 days of the alleged unlawful employment action, the longer of the two time frames for administrative filing. See Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000). White's attempt to obtain relief still would be barred.

Concerning the retaliation claim that was not time-barred, White raises an argument relating to false accusations by the School District that he stole paychecks issued to him by his supervisor. However, White points to no evidence in the record that shows the existence of a genuine issue and that would support his bare allegation that the School District wrongly accused him of stealing. Rather, White testified at his deposition that the paychecks were issued during a several month period while he was out on workers' compensation leave, that they were probably issued in error, and that the issue had since been resolved because the School District was reimbursed. As for the surviving

---

[2] White raises an argument regarding tuberculosis testing, presumably referencing the comment made to him by a School District employee when he attempted to return to work in March 2001. This argument is irrelevant to the statute of limitations issue.

Equal Protection claim, we note that White does not contest the District Court's conclusion that he failed to identify any similarly situated individual treated differently by the School District. We discern no reason to disturb the District Court's conclusion with respect to these claims.

We will affirm the District Court's judgment.